IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


Civil Action No. _____


CHRISTOPHER LEE BALDONADO, et al.

Plaintiffs,

v.

EL PASO NATURAL GAS COMPANY,

Defendant.

## NOTICE OF REMOVAL

Defendant El Paso Natural Gas Company ("El Paso"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1446 and 1331 and D.N.M.LCivR 81.1, hereby gives notice of the removal of this action from the New Mexico Supreme Court and in support thereof states as follows:

1. On August 19, 2000, a natural gas pipeline owned and operated by El Paso ruptured near the Pecos River south of Carlsbad, New Mexico. Twelve persons, all members of an extended family who had been camping near the pipeline, were severely burned. Six of the campers were pronounced dead at the scene. The other six campers were transported from the site, but all ultimately died of their injuries. Following the rupture, scores of firefighters and EMTs responded to the accident site. Twenty-six of those emergency rescue personnel brought suit against El Paso, contending they experienced emotional distress as a result of having witnessed the injuries suffered by the twelve individuals they assisted after the rupture.

*Christopher Lee Baldonado, et al v. El Paso Natural Gas Co.*, Fifth Judicial District Court, Chaves County New Mexico, Case No. D-504CV-2003-00465 (the "State Court Action").

2. On March 2, 2004, District Judge William P. Lynch granted El Paso's motion to dismiss the action on various grounds, including that Plaintiffs' claims were barred by the firefighter's rule and that the Plaintiffs had failed to state claims for negligent or intentional infliction of emotional distress.

3. On June 24, 2006, the New Mexico Court of Appeals affirmed the District Court with respect to Plaintiffs' claims for negligent infliction of emotional distress, but reversed with respect to Plaintiffs' claims for intentional infliction of emotional distress. *Christopher Lee Baldonado, et al v. El Paso Natural Gas Co.*, Case No. 24,821.

4. On December 4, 2007, the New Mexico Supreme Court affirmed the Court of Appeals with respect to its holding that Plaintiffs' complaint alleged "legally sufficient facts to support a first-party claim of intentional infliction of emotional distress" and remanded the action to the District Court for further proceedings consistent with its opinion. *Christopher Lee Baldonado, et al v. El Paso Natural Gas Co.*, Case No. 29,941.

5. The New Mexico Supreme Court premised its holding on the grounds that 49 C.F.R. § 192.615 -- one of the regulations implementing the federal Pipeline Safety Act, 49 U.S.C. § 60101(a) and which requires pipeline operators to have a mechanism in place to summon emergency personnel to the scene in the event of a pipeline rupture -- created a "special relationship" between Plaintiffs and El Paso which lowered the threshold of what constitutes the level of outrageous conduct necessary to support a claim for intentional infliction of emotional distress. In particular, the Supreme Court interpreted 49 C.F.R. § 192.615 to "*require[] more* of both parties than the typical relationship ... ;" "[t]his special relationship *requires active*

*cooperation* between Defendant and Plaintiffs affecting Defendant's operations," and " … requires Defendant and Plaintiffs *to work together to minimize the exact risk that led to Plaintiffs' injuries* in this case." Op. at 17-18 (emphasis added). The Supreme Court went on to further interpret 49 C.F.R. § 192.615 to impose disclosure obligations by the pipeline to firefighters related to operational history of the pipeline, and appeared to fault El Paso for not making such disclosure. Op. at 18.

  6. As a result, Plaintiffs' claims for intentional infliction of emotional distress depend entirely on the New Mexico Supreme Court's interpretation of federal law and the state court's imposition of additional obligations and duties on El Paso beyond those contained on the face of either the Pipeline Safety Act or the cited regulation. Because Plaintiffs' claims for intentional infliction of emotional distress cannot be adjudicated without resolving substantial questions of federal law, this Court has federal question jurisdiction over the present controversy under 28 U.S.C. § 1331. In addition, the New Mexico Supreme Court's attempt to impose additional safety requirements upon El Paso is preempted by the federal Pipeline Safety Act, which completely preempts the field of pipeline safety. 49 U.S.C. § 60101 *et seq.*; *see Swango Homes, Inc. v. Columbia Gas Transmission Corp.*, 806 F. Supp. 180, 185 (S.D.Ohio 1992). *See also Panhandle E. Pipe Line Co. v. Tishner,* 699 N.E.2d 731, 737-38 (Ind. App. 1998) (noting that the Natural Gas Pipeline Safety Act and the regulations promulgated thereunder "completely preempt the field of pipeline safety"); *Olympic Pipe Line Co. v. City of Seattle,* 437 F.3d 872 (9th Cir. 2006) (holding that Seattle's imposition of pipeline safety regulations upon a pipe line operator was preempted by federal law); *Southern California Gas Co. v. California Occupational Safety & Health Appeals Board,* 58 Cal.App.4th 200 (Cal.App. 1997) (because

"Congress has fully occupied the field of natural gas pipeline safety, there is no room for state supplementary regulation, even if there is no conflict with any given provision.").

7.  In order to secure dismissal of a non-diverse employee who had been named as an individual defendant, and in order to avoid removal to federal court based on diversity jurisdiction after the dismissal of that employee, El Paso and Plaintiffs had previously entered into a Joint Stipulation to Judge, Venue, Answer Date, Briefing Schedule, Discovery and Appeal, in which, among other things (a) the parties agreed to transfer venue of the action from Eddy County to Chaves County, New Mexico; (b) the parties agreed that the Chaves County court would have sole jurisdiction over this matter; (c) the parties agreed that Judge Lynch would be the District Judge assigned to hear the case; (d) Plaintiffs agreed to dismiss Robert Cothern, the individual defendant; and (e) El Paso agreed not to remove the action to federal court notwithstanding the fact that the dismissal of Mr. Cothern would have otherwise established a basis for diversity jurisdiction. A copy of the Stipulation is included with the record being filed in accordance with paragraph 8 of this Notice of Removal. El Paso's agreement to the sole jurisdiction of the Chaves County court was premised on the fact that at the time the Stipulation was entered into, the case did not involve any claims which could have given rise to federal question jurisdiction. As noted above, the federal question which forms the basis for this Court's jurisdiction did not arise until the December 4, 2007 Opinion by the New Mexico Supreme Court.

8.  This Notice of Removal is being filed with this Court within thirty (30) days after El Paso received a copy of the December 4, 2007 New Mexico Supreme Court Opinion creating federal question jurisdiction over this action. On December 19, 2007, El Paso filed a Motion and Memorandum for Rehearing in the New Mexico Supreme Court, which Motion is pending.

4

Because of the thirty-day time limit, this removal is being filed prior to receiving a disposition on the motion for rehearing. This Notice of Removal is timely under 28 U.S.C. § 1446(b).

9. In accordance with Local Rule 81.1(a), copies of all pleadings and other records from the State Court Action to date are filed herewith as **Exhibit 1**.

10. As evidenced by the Notification of Filing Notice of Removal, attached hereto as **Exhibit 2**, El Paso has given notice of removal to the Clerk of the New Mexico Supreme Court as well as to Plaintiffs' counsel.

11. El Paso certifies that no hearing has been set in the State Court Action at the time of this removal.

12. Venue lies in the United States District Court for the District of New Mexico because this action is being removed from the New Mexico Supreme Court and prior the appeal, the case had been pending in Chaves County, New Mexico District Court.

13. There is a related, pending case entitled United States v. El Paso Natural Gas, No. 1:07-cv-00715 JB/RHS, in which Judge James Browning has retained jurisdiction over a consent decree that dealt with El Paso's practices under the federal Natural Gas Pipeline Safety Act.

14. The undersigned attorney has been authorized by El Paso to file this Notice of Removal.

WHEREFORE, El Paso removes this action to this Court.

Respectfully submitted,

MONTGOMERY & ANDREWS, P.A.


By /s/ Sarah M. Singleton, Attorney at Law
    Sarah M. Singleton
    Post Office Box 2307
    Santa Fe, NM 87504-2307
    (505) 982-3873
    (505) 982-4289 – facsimile

MODRALL, SPERLING, ROEHL,
 HARRIS & SISK, P.A.
R.E. Thompson
Post Office Box 2168
Albuquerque, NM 87103-2168
(505) 848-1800
(505) 848-1889 – facsimile

Attorneys for Defendant-Petitioner
El Paso Natural Gas Company


## CERTIFICATE OF SERVICE

    I hereby certify that on January 3, 2008, I caused a true and correct copy of Notice of Removal to be filed electronically through the CM/ECF system and the following parties or counsel were served as more fully indicated below:

| | |
|---|---|
| Robert P. Schuster<br>Robert P. Schuster, P.C.<br>Post Office Box 13160<br>Jackson, Wyoming 83002 | Via U.S. Express Mail, postage prepaid, with attachments |
| J. Nicholas Murdock<br>Murdock Law Firm, P.C.<br>139 West Second Street, Suite 1-B<br>Casper, Wyoming 82601 | Via U.S. Mail, postage prepaid, without attachments |
| Wilfred T. Martin<br>Martin Law Firm<br>Post Office Box 2168<br>Carlsbad, New Mexico 88221-2168 | Via U.S. Mail, postage prepaid, without attachments |

6

| | |
|---|---|
| Dick A. Blenden      -<br>Phil Blenden<br>The Blenden Law Firm<br>208 West Stevens Street<br>Carlsbad, New Mexico 88220 | Via U.S. Mail, postage prepaid,<br>without attachments |

 

          /s/ Sarah M. Singleton, Attorney at Law
                 Sarah M. Singleton