UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER LEE BALDONADO, et al.,

        Plaintiffs,

vs.                                                                         No. CIV 08-08 JC/LCS

EL PASO NATURAL GAS COMPANY,

        Defendant.

## ORDER OF REMAND

**THIS MATTER** comes before the Court on the Plaintiffs' Motion to Remand, filed January 25, 2008. (Doc. 9.) The Plaintiffs filed an opposed motion to refer that motion to Magistrate Judge Leslie C. Smith for Report and Recommendation on April 2, 2008 (Doc. 23), which I granted on April 24, 2008 (Doc. 25). On May 7, 2006, the Magistrate Judge filed his Proposed Findings and Recommended Disposition, recommending that this case be remanded. (Doc. 26.) The Defendant filed objections on May 21, 2008. (Doc. 27.) The Plaintiffs filed no objections. Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the entire file and finds the Defendant's objections to be without merit.

        The Defendant's first argument, that the Magistrate Judge improperly restricts federal preemption to legislative agencies, is grounded on a misreading of the Proposed Findings. (Doc. 27 at 6-7.) The Magistrate Judge did not assert that a court cannot ever alter or expand duties imposed by federal law. (Doc. 26 at 15-16.) Instead, he found only that, in this case, the New Mexico Supreme Court has not done so. (*Id.*)

        The Defendant's second argument, that the Magistrate Judge errs in concluding that the New Mexico Supreme Court is not attempting to impose additional safety requirements on pipeline operators, also relies on a misinterpretation. (Doc. 27 at 4, 8-9.) Contrary to the Defendant's

1

assertions, the New Mexico Supreme Court has not imposed additional safety duties on pipeline operators.[1]  (Doc. 10, Ex. A at 17-19.)  Instead, as the Magistrate Judge pointed out, the New Mexico Supreme Court has only identified duties already existing under the Pipeline Safety Act, and concluded that their existence could support a finding that a special relationship exists between Plaintiffs and Defendant.  (*Id*.)

The Defendant's third argument, that the Court should clarify that the federal standard of care applies if it remands this case, is not an objection and thus does not need to be addressed at this time.  (Doc. 27 at 9-10.)  Furthermore, because subject matter jurisdiction does not exist, the Court lacks the authority to even consider this request.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition filed May 7, 2008 (Doc. 26) are adopted by the Court.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Fifth Judicial District Court, County of Chaves, State of New Mexico.

**IT IS SO ORDERED.**

s/John Edwards Conway

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Specifically, the Defendant contends that the New Mexico Supreme Court created additional duties by concluding that 49 CFR § 192.615 requires: (1) more of both parties than the typical relationship; (2) active cooperation between the Defendant and the Plaintiffs; (3) the Defendant and the Plaintiffs to work together to minimize the exact risk that led to the Plaintiffs' injuries in this case;(4) disclosure in certain instances; and (5) the Defendant to share information with the Plaintiffs with respect to past safety violations and pipeline ruptures. (Doc. 27 at 2 n.2.)  The record, however, does not support this assertion.  The first four of these "additional duties" appear to be not new obligations, but rather the court's characterization of duties already existing under 49 CFR § 192.615. (*See* Doc. 10, Ex. A at 19-21.)  For instance, disclosure obligations already exist under 49 CFR § 192.615(a)(8), which requires pipeline operators to establish procedures for "[n]otifying appropriate fire . . . officials of gas pipeline emergencies and coordinating with them both planned responses and actual responses during an emergency."  Moreover, in my view, the New Mexico Supreme Court did not hold that the Defendant has a specific duty to share with officials its past safety violations and ruptures; it found only that the Defendant's failure to do so, in light of the statutory framework, could be considered outrageous conduct.  (Doc. 10, Ex. A at 21.)